IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MIDFIRST BANK,** | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1679-S-BH |
| | § | |
| **AVICKA STOKES,** | § | |
|       Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, *Plaintiff's Motion for Default Judgment,* filed October 27, 2022 (doc. 9), should be **GRANTED**.

**I. BACKGROUND**

This case involves the attempted foreclosure of real property located at 3031 Allister Street, Dallas, Texas 75229 (the Property). (doc. 1 at 2.)[2] On November 20, 1998, Lakeythia Bell (Borrower) executed a Note in favor of Irwin Mortgage Corporation (Lender), for a loan in the original principal amount of $76,480.00. (doc. 1-1 at 2-4.) She contemporaneously executed a Deed of Trust that granted Lender a security interest in the Property to secure repayment of the Note. (*Id*. at 6-15)  Under the terms of the Note and Deed of Trust (collectively, Loan Agreement), she would be in default if she failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings. (*Id*. at 2-3, 8-10.)

On September 2, 2005, Lender executed the Transfer and Assignment, assigning all of its rights and interests in the Loan Agreement to MidFirst Bank (Plaintiff). (*Id*. at 17.) Plaintiff is the

---

[1] By *Special Order No. 3-251*, this foreclosure case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

current legal owner and holder of the Note and a mortgagee of the Deed of Trust, as defined in § 51.0001(4) of the Texas Property Code. (doc. 1 at 4.)

On or about June 6, 2021, Borrower passed away, and no probate proceedings were opened for her. (*Id.*) Avicka Stokes (Defendant) is Borrower's daughter and sole heir, and Plaintiff contends that in accordance with Texas Estates Code §§ 101.001(b) and 101.051, she "acquired all of her interest in the Property immediately upon her death, subject to the Loan Agreement debt owed to Plaintiff." (*Id.* at 1, 4-5.)

On March 25, 2022, a Notice of Default was sent by certified mail to Borrower at the Property's address. (doc. 1-1 at 19-20.) This notice explained that the monthly payments required under the Loan Agreement had not been paid since December 1, 2021, the loan was in default, and the maturity date of the loan would be accelerated if the default was not timely cured. (*Id.* at 19.) On June 13, 2022, a Notice of Acceleration was mailed to the Property's address explaining that Borrower had failed to cure the default, and that the maturity date under the Note had been accelerated as a result. (*Id.* at 22.)

On August 2, 2022, Plaintiff filed this foreclosure action, and a summons was issued for Defendant on August 4, 2022. (*See* docs. 1; 6.) Plaintiff properly served her via personal service on August 5, 2022. (*See* doc. 7.) After she failed to answer or respond to the complaint, Plaintiff sought and obtained entry of default on October 27, 2022. (docs. 8; 10.)

Plaintiff seeks declaratory judgment that it is the owner and holder of the Note, beneficiary of the Deed of Trust, and mortgagee, as defined under Texas Property Code § 51.0001; that the outstanding balance of the Note, prejudgment interest, post-judgment interest, and costs of court are secured by the Deed of Trust; and that it may enforce its lien against the Property through

foreclosure under the Texas Property Code and the terms of the Deed of Trust. (docs. 1 at 6-10; 9 at 6.) It also seeks attorney's fees and court costs as allowed under the Note, Deed of Trust, and the Texas Civil Practices and Remedies Code. (docs. 1 at 9-10; 9 at 6.)

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment under Rule 55 of the Federal Rules of Civil Procedure. (doc. 9.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, because Defendant has failed to plead or otherwise defend, and Plaintiff has obtained entry of default against her, the first two requisites for a default judgment have been met. (docs. 7-8; 10.) Remaining for determination is whether a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered."

3

*Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is appropriate. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp.3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp.2d 381, 384 (W.D. Tex. 2008)) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

**A.     Procedural Requirements**

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice

4

to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see Lindsey*, 161 F.3d at 893 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685); *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (same).

Plaintiff seeks a declaration that it is the owner and holder of the Note, the beneficiary of the Deed of Trust, and a mortgagee as defined under § 51.001 of the Texas Property Code, and that the outstanding balance of the Note, prejudgment interest, post-judgment interest, and costs of court are secured by the Deed of Trust. (docs. 1 at 6-10; 9 at 6.) It also seeks judgement allowing it to enforce its lien against the Property through foreclosure under § 51.002 of the Texas Property Code and the terms of the Note and Deed of Trust. (*Id.*) It attaches copies of the Note, Deed of Trust, Notice of Default, and Notice of Acceleration to its complaint showing that it fully complied with the procedural requisites contained in the Texas Property Code. (*See* doc. 1-1.)

Under the first factor, Plaintiff is not seeking monetary damages, but solely a judgment authorizing it to enforce the power of sale in the Deed of Trust through a non-judicial foreclosure of the Property. (*See* doc. 9 at 3.) Regarding the second factor, there are no material issues of fact in dispute as Defendant has failed to file any responsive pleadings in this case. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Although the default appears to be technical in nature (third factor), Plaintiff is prejudiced and harmed by the continued delay in this case, which is the fourth factor. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009)

5

(holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts as Defendant has received ample notice of this action and sufficient time to respond. *See Lindsey*, 161 F.3d at 893. The seventh, eighth, and ninth factors similarly favor default judgment because Defendant has not offered any evidence that the failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default.

Because Defendant was properly served in this action and failed to answer or otherwise defend it, the grounds for default judgment are clearly established. (*See* docs. 7; 10.) Accordingly, the procedural prerequisites for a default judgment are satisfied. *See Ramsey*, 2016 WL 1701966, at *3.

**B.      Entitlement to Judgment**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but

"detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.* at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

Plaintiff seeks to foreclose on Defendant's interest in the Property, which it contends she acquired immediately upon Borrower's death under Texas Estates Code §§ 101.001(b) and 101.051, subject to the Loan Agreement debt owed, under the Note and Deed of Trust and § 51.002 of the Texas Property Code. (*See* docs. 1 at 4-5; 9 at 5.) To foreclose under a security instrument with a power of sale in Texas,[3] a party is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) a default occurred under the relevant loan documents; and (4) proper service of a notice of default and a notice of acceleration has been effectuated. *See* Tex. Prop. Code § 51.002; *Singleton v. United States Bank N.A.*, No. 4:15-CV-100A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp.2d 732, 740 (S.D. Tex. 2013), *aff'd by* 583 F. App'x 306 (5th Cir. 2014)).[4]

Based upon the well-pleaded allegations in the complaint, which are accepted as true, and

---

[3]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). In this diversity case, the Property is located in Texas, and the parties do not dispute that Texas law applies. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue.").

[4]The Texas Property Code requires a mortgage servicer to serve a debtor in default with written notice by certified mail stating that the note is in default and providing at least twenty days to cure before any notice of sale can be given. *See* Tex. Prop. Code § 51.002(d). Service is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. *Id.* at § 51.002(e). Courts have concluded that constructive notice, as opposed to actual notice, satisfies the notice requirements. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (per curiam).

the exhibits attached to its motion, Plaintiff has demonstrated all of the elements required to show its entitlement to an order authorizing foreclosure. It has shown that a debt exists under the Note, and is secured by the Deed of Trust, which is a lien created under Texas law. (doc. 1-1 at 2-4, 6-15.) It has also shown that a default occurred under the loan documents for the failure to make any monthly payments beginning December 1, 2021, and that notices of default and acceleration have been provided in accordance with the Loan Agreement and the Texas Property Code.[5] (doc. 1-1 at 19-24.) It has additionally demonstrated that, pursuant to Texas Estates Code §§ 101.001(b) and 101.051(b)(1), Defendant, as the heir-at-law to Borrower, acquired an interest in Borrower's estate upon her death, including an interest in the Property, subject to Plaintiff's lien. (doc. 1 at 1, 4-5.) Plaintiff has shown that it is entitled to a default judgment authorizing foreclosure on Defendant's interest in the Property. *See Singleton*, 2016 WL 1611378, at *7; *see, e.g., Chase*, 2020 WL 5048154, at *8 (Plaintiff "has shown that: a debt exists; the debt is secured by a lien; Defendants, Borrowers' heirs-at-law, are in default under the Loan Agreement; and it properly provided notice of the default and acceleration on the debt.").

## C. **Entitlement to Remedies**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975).

---

[5]Although there is no evidence that Defendant received actual notice of the Notice of Default and Notice of Acceleration, "as numerous courts have found that when the original debtor is deceased, it is sufficient for the mortgagee to provide notice to the decedent at their last known address, and provision of notice to the decedent's heirs is not required." *Wells Fargo Bank, N.A. as Tr. for Merrill Lynch Mortg. Invs. Tr. Mortg. Loan Asset-Backed Certificates, Series 2004-WMC3 v. Hodges*, No. 4:21-CV-00410-SDJ-CAN, 2023 WL 2058705, at *6 n.8 (E.D. Tex. Jan. 25, 2023) (citing cases); *see, e.g., U.S. Bank Nat'l Ass'n v. Chase*, No. 5:19-CV-229-M-BQ, 2020 WL 5048154, at *7 (N.D. Tex. Aug. 4, 2020), *adopted by* 2020 WL 5038612 (N.D. Tex. Aug. 26, 2020) (finding notice element satisfied where notices of default and acceleration were sent to deceased borrower's address of record).

Damages on a default judgment are normally not awarded without a hearing or a demonstration by detailed affidavits; a hearing is unnecessary, however, if the amount of damages can be determined with a mathematical calculation by reference to the pleadings and supporting documents. *See James*, 6 F.3d at 310. The plaintiff has the burden to provide an evidentiary basis for the damages it seeks. *Broadcast Music, Inc. v. Bostock Billiards & Bar Assoc.*, No. 3:12-CV-413-B, 2013 WL 12126268, at *3 (N.D. Tex. Jan. 18, 2013). Because the requested relief does not differ in kind from, or exceed in amount, of what is demanded in the pleadings, remaining for determination is whether the relief requested is appropriate based on governing law. *Chevron Intellectual Property, LLC v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *3 (N.D. Tex. Aug. 24, 2009).

Neither Plaintiff's complaint nor its motion for default judgment seeks an award of monetary damages, but only an order declaring its interests in the Property and authorizing foreclosure of its lien on the Property consistent with the Note and Deed of Trust and § 51.002 of the Texas Property Code. (docs. 1 at 9-10; 9 at 6.) Based on its complaint, default motion, and attached evidence, Plaintiff has shown that it is entitled to an order permitting foreclosure of the Property in accordance with the Note and Deed of Trust and applicable Texas law. *See Hodges*, 2023 WL 2058705, at *7 (granting default judgment that authorized plaintiff to foreclose on heirs' interest in the deceased borrower's mortgaged property).[6]

### III. RECOMMENDATION

Plaintiff's motion for default judgment should be **GRANTED**, and it should be awarded an

---

[6] Plaintiff requests an award of attorney's fees as authorized by the terms of the loan documents in an amount "to be determined by subsequent motion practice." (doc. 9 at 6.) Because this request "provides a sufficient contractual basis for awarding attorney's fees," the proper amount of fees will be considered postjudgment accordingly. *See U.S. Bank Nat'l Ass'n for Residential Asset Sec. Corp., Home Equity Mortg. Asset-Backed Pass-Through Certificates, Series 2007-KS2 v. McCormick*, No. 3:17-CV-1704-L, 2018 WL 1210555, at *2-3 (N.D. Tex. Mar. 8, 2018) (allowing the issue of attorney's fees on a foreclosure action to be considered postjudgment under Rule 54(d)(2)).

order authorizing foreclosure.

      **SO RECOMMENDED** on this 7th day of March, 2023.

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE